In the Matter of the Estate of CHARLES KUNZ, Deceased.

Surrogate's Court, Kings County, April 9, 1931.

*Dyer & Kammerer*, for the executrix.

*Henry P. Velte*, for Auguste Wilhelmine Antz and others, parties in interest.

*Francis D. McGarey*, special guardian for Merle Egle, an infant.

WINGATE, S.  On September 26, 1928, when the will at bar was executed, the testator was the owner of his residence at 302 Stratford road, Brooklyn, and of certain unimproved land of negligible value, further possessing a savings bank account showing a balance of about $350, and a commercial account deposited with Clarke Brothers of something over $8,500.  At the time of his death on March 27, 1929, his real and personal property was substantially identical with that at the time of the execution of the will.

At all times here pertinent, testator was unmarried, and his niece, Elizabeth Egle, her husband and infant son, were living with him.  Testator had undertaken her care in infancy and she continuously lived in his home up to the time of his death.

The will in question, after directing payment of debts and testamentary expenses, bequeathed $1,000 to a sister-in-law, and $2,000 to a sister, of the testator, both residing in Germany, gave a legacy of $500 to another niece in Brooklyn and directed the setting aside of $1,000 for the benefit of the infant son of his niece, Elizabeth Egle, with payment to be made him on attaining the age of twenty-five years.  The entire residue of his estate, real and personal, was then given Elizabeth Egle.  She was also appointed executrix with full powers, including that of sale.

Promptly after the testator's death, the named executrix went to the office of Clarke Brothers in an effort to obtain control of the sizable bank account there deposited, but was informed that this could not be done prior to her due qualification as such.  She thereupon promptly instituted proceedings to that end and forwarded the necessary documents to Germany for execution.  They were returned after a lapse of a considerable time, but their execution was faulty and they were, therefore, worthless.  She thereupon applied to this court for the issuance of a citation and its service upon the German next-of-kin by publication, which was accomplished and probate effected with all reasonable expedition.  The will was admitted and letters issued on July 20, 1929.

Unfortunately, in the meantime, Clarke Brothers had become bankrupt, with the result that there is at present, and probably will continue, a marked deficiency of personal assets for the payment of the general legacies given in the will.  In this accounting, the German legatees seek a determination that their benefits are a charge upon the residuary realty and also a surcharge of the

executrix for her failure sooner to collect the deposit from Clarke Brothers. Neither the other resident beneficiary nor the infant by his special guardian have joined in these objections.

The second contention is ridiculous. The executrix is clearly demonstrated to have proceeded with all reasonable diligence, and it is more than likely that had the papers which were sent to them in Germany for execution been properly attended to by the objecting parties, the loss would not have occurred. In any event, the loss was not caused by any culpable neglect of the executrix.

The circumstances under which a court may construe a testator's will as demonstrating an intention to charge residuary real estate, were considered at length by this court in its recent opinions in *Matter of Lilienthal* (139 Misc. 225) and *Matter of McEvoy* (Id. 349), and it is unnecessary here to repeat the conclusions then reached. Suffice it to note that the law is established in this State that real estate passing under a residuary clause " is never charged unless the testator intended it should be, and that intention must be either expressly declared, or fairly and satisfactorily inferred, from the language and disposition of the will." (*Lupton* v. *Lupton*, 2 Johns. Ch. 614, 623; *Matter of Lilienthal*, 139 Misc. 225, 227, 229, and cases cited.)

In the will at bar there is no expressed intention to such effect.

Whereas inclusion of a power of sale over real estate has sometimes been held to be an indication of an intention to charge it in favor of general bequests (*Matter of Lilienthal, supra*, 234 and 235, and cases cited), this is merely one of several circumstances to be considered in the construction of the will as a whole.

In the case at bar any indication which might be thought to arise from this circumstance, is abundantly overborne by the relationship existing between the testator and the several beneficiaries named in his will. The residuary legatee had from infancy been a member of his household and he stood to her *in loco parentis*. The only real estate of any moment is the family residence which they jointly occupied since her early childhood. Furthermore, his interest in her is additionally demonstrated by the legacy to her infant son with its contingent limitation over to her. On the other hand, the greater part of the other general legacies is given to a sister and a collateral relative residing in a foreign land who were presumably far less close to testator's affections than the members of his immediate household. Viewing all of these circumstances together, it not only seems obvious that the testator cannot be held to have evinced an intention to charge these foreign gifts upon the home of his substantially adopted daughter, but that there is every reason to suppose that his desire was to the con-

tŕary, particularly, since at the time of the making of the will his personal estate was more than ample to pay all the general legacies and leave a generous balance for this favorite niece to whom he was so closely bound by ties of affection and association. In any event, the burden is on the objecting parties to demonstrate the intention to charge, and they have failed in this respect. The court, therefore, determines that there is absolutely no basis in the present will for holding that the general legacies are a charge upon the realty, and overrules both objections to the account.

One further consideration arises in this proceeding respecting the legacy to Merle Egle. The testamentary direction is that the specified bequest be deposited in a savings bank or invested in legal securities, the interest or income to be accumulated and paid to him on attaining the age of twenty-five, or, in the event of his predecease, to form a part of the residuary estate and thus go to his mother. This constitutes a valid trust, duties in connection with which are imposed upon the executrix. However, the directions for accumulation subsequent to the infant's attaining his majority are invalid. If or when personalty becomes available for the erection of this trust, it should be invested by the executrix, as trustee, in the manner directed in the will, and the income accumulated until the infant dies or attains the age of twenty-one years, whichever event shall first occur. In the event of the death of the infant prior to attaining his majority, the principal sum with accumulations must be paid to the residuary legatee or her estate, but if he lives to the age of twenty-one, all accumulations must then be turned over to him, and thereafter the income be paid to him until he reaches the age of twenty-five, when he will become entitled to the principal.

Proceed accordingly.